| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**SOUTHERN DISTRICT OF NEW YORK** | |
| **Greenbaum, Rowe, Smith & Davis LLP**<br>Robert J. Flanagan, III, Esq.<br>Metro Corporate Campus One<br>P.O. Box 5600<br>Woodbridge, New Jersey 07095<br>(732) 549-5600<br>rflanagan@greenbaumlaw.com<br>Attorneys for Debtor | |
| In re:<br><br>**TREASURES AND GEMS, LTD.**<br><br>Debtor. | Chapter 11 Proceeding<br><br>**Case No. 21-11474 (mg)** |

## AFFIDAVIT MICHAEL E. CRANE PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

Michael E. Crane, declares as follows pursuant to 28 U.S.C. § 1746:

1. I am the President of Treasures and Gems, Ltd. ("Debtor" or "Company"). In accordance with Local Bankruptcy Rule 1007-2 of the United States Bankruptcy Court for the Southern District of New York, I submit this affidavit in connection with the above-captioned Chapter 11 case.

2. I am familiar with the business and financial condition of the Debtor. In making any and all financial representations in this Affidavit, I am relying on my own personal knowledge, the Debtor's books and records. Unless otherwise indicated, all financial information contained herein is presented on an unaudited basis.

3. If I were called to testify, I would testify competently to the facts set forth in this Affidavit and I am authorized to submit this Affidavit on behalf of the Debtor.

    **I.**    **Required Contents of Affidavit**

           a.    Nature of Debtor's Business

4. The Debtor holds an interest in a real estate property located at 250 East 90th Street, New York, New York a/k/a 1739 2nd Avenue (the "Property"). The Property consists of 8 residential units and 4 retail units. The Debtor subleases its interest in the Property to 11 different third parties (the "Tenants").

5. The Property was recently appraised at $4,540,000.00

6. The Debtor has no operations or business other than its business relating to the leasing of the apartments and units in the Property and collection of rents from the Tenants.

7. The Debtor has a secured mortgage in the amount of $2,388,000.00 held by Kenden, LLC with offices located at 10 Monroe Boulevard, Apt. 5E, Long Beach, New York. The Mortgage has a term of 1 year and interest at 8% per annum.

8. The debtor has a superintendent who receives $700 per month. Other than the superintendent there are no other employees. I am the sole officer of the debtor.

9. The debtor has entered into leases with various tenants at the building. Copies of the leases are available for review upon request.

    b. <u>Organization and Capital Structure</u>

10. The Debtor is a corporation operating from its offices as noted in the Petition. I am the sole shareholder and President.

11. Historically, the Debtor collects all rents from the Tenants. During the pendency of this proceeding, the Debtor will collect the rents owed by the Tenants and deposit all such sums into its debtor-in-possession bank account.

    c. <u>Need for Filing</u>

12. The Debtor filed the petition to preserve its assets

7152536.1

13. The Debtor intends to use the protections and resources of Chapter 11 to maximize the value of its assets. The Debtor will consider whether to file a reorganization plan or a liquidating plan in which the property owned by the debtor is sold so as to fund a distribution to stakeholders.

    d. <u>Debtor's Case Not Originally Commenced Under Chapter 7</u>

14. The Chapter 11 case was not originally commenced under chapter 7 of the Bankruptcy Code. Accordingly, L.B.R. 1007-2(a)(2) is not applicable.

    e. <u>Pre-petition Creditors' Committee</u>

15. In accordance with L.B.R. 1007-2(a)(3), to the best of the Debtor's knowledge, no pre-petition creditors' committee has been formed.

    f. <u>Holders of the Twenty Largest Unsecured Claims</u>

16. In accordance with L.B.R. 1007-2(a)(4), a list setting forth the Debtor's twenty largest unsecured creditors excluding those persons who constitute "insiders" under Bankruptcy Code section 101(31) of the Debtor is attached hereto as **Exhibit A**. As required by L.B.R. 1007-2(a)(4), Exhibit A includes creditors' names, addresses, telephone numbers with the account, if available, amount of each claim, and an indication of whether the claims are contingent, unliquidated, or disputed.

    g. <u>Holders of Five Largest Secured Claims</u>

17. In accordance with L.B.R. 1007-2(a)(5), a listing setting forth the Debtor's five largest secured creditors is attached hereto as **Exhibit B**. As required by L.B.R. 1007-2(a)(5), Exhibit B includes creditors' names, addresses, telephone numbers with the account, if available, amount of each claim, a brief description and estimate of the value of the collateral securing the claims and whether the claims are disputed.

    h. <u>Summary of Assets and Liabilities</u>

7152536.1

18. As required by L.B.R. 1007-2(a)(6), a summary of the Debtor's assets and liabilities is attached as **Exhibit C.**

    i. Debtor's Securities

19. The Debtor does not have any stock that is publicly held. The holders of the Debtor's equity interests are as follows: Michael E. Crane.

    j. Property in Possession or Custody of Custodian

20. In accordance with L.B.R. 1007-2(a)(8), the Debtor has no property in possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents or secured creditor, or agent for any such entity. As part of the security financing agreement with the debtor's secured creditor Kenden LLC, the debtor executed a mortgage, UCC-1 statements and an Assignment of Rents.

    k. Premises Where the Debtor Conducts Business

21. In accordance with L.B.R. 1007-(a)(9), the Debtor's principal office is located at 360 Shore Road, Apt. 8L, Long Beach, New York.

    l. Location of Debtor's Assets and Books and Records

22. In accordance with L.B.R. 1007-2(a)(10), the majority of Debtor's books and records are located at the Debtor's offices at 360 Shore Road, Apt. 8L, Long Beach, New York.

    m. Threatened or Pending Actions Against the Debtor

23. The Property owned by the Debtor is currently the subject of a probate matter under caption In the Matter of the Estate of Rhoda Crane, deceased, pending in the Superior Court of New Jersey, Bergen County, Chancery Division BER-P-029-21 (the "Probate Matter"). David M. Repetto is the Administrator appointed by the Court in the Probate Matter.

    n. The Debtor's Senior Management

7152536.1

24. In accordance with L.B.R. 1007-2(a)(12), the Debtor's senior management consists of Michael E. Crane as sole shareholder and President/CEO.

## II. Additional Information required by L.B.R. 1007-2(b)

25. In accordance with L.B.R. 1007-2(b), the Debtor intends to continue the operation of its business and the management of its Property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

26. In accordance with L.B.R. 1007-2(b)(1), the estimated amount of the monthly payroll to employees (exclusive of officers, director, stockholders, and partners) for the thirty day period following the Petition Date is approximately $700 to the superintendent. I have waived my management fee during the pendency of this proceeding.

27. In accordance with L.B.R. 1007-2(b)(2), the amounts paid and proposed to be paid for the thirty-day period following the Petition Date for services rendered by the Debtor's officers is approximately zero.

28. The Debtor does not expect to retain a financial or business consultant, therefore, L.B.R. 1007-2(b)(2)(C) is not applicable,

29. In accordance with L.B.R. 1007-2(b)(3), a schedule of estimated receipts and disbursements is attached hereto as **Exhibit D.**

The Debtor believes that the protections offered by chapter 11 will enable it to maximize the value of the Debtor, for its creditors and its estate.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 20, 2021

BY: _____
Michael E. Crane